# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JAY RANEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-423-DRH |
| | ) |
| A. BLEDSOE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner seeks timely responses to his grievances by prison staff, as well as an order directing staff to cease harassing him. He also claims that he being harassed and bullied

by another inmate, and he would like that to stop. Such claims do not request a "quantum change in the level of custody." Rather, they are claims addressing his conditions of confinement, which cannot be remedies through habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Petitioner filing his claims in a civil rights action. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: June 13, 2008.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**